IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## STATE OF TENNESSEE v. LONTRELL WILLIAMS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-05980     John T. Fowlkes, Jr., Judge**

_____

**No. W2009-00275-CCA-R3-CD   -   Filed October 30, 2009**

_____

The defendant, Lontrell Williams, appeals the revocation of his probation, arguing that the trial court applied an incorrect legal standard when finding that he had violated the terms of his probation. He, therefore, requests that this court remand for a new probation revocation hearing. The State concedes that the trial court applied an incorrect standard and joins in the defendant's request for a new revocation hearing under the appropriate standard. We agree that the trial court erroneously based the revocation of the defendant's probation on a probable cause, rather than a preponderance of the evidence, standard. Accordingly, we reverse the judgment of the trial court and remand the case for a new probation revocation hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Howard L. Wagerman, Memphis, Tennessee, for the appellant, Lontrell Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Theresa McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 2006, the defendant pled guilty in the Shelby County Criminal Court to accessory after the fact, a Class E felony, and was sentenced by the trial court to one year in the county workhouse, with the sentence immediately suspended and the defendant placed on supervised probation. On July 20, 2007, the defendant was arrested and charged with being a felon in possession of a firearm and

several felony drug offenses. As a result, a probation violation warrant was issued on him in September 2007.

At the January 15, 2009, probation revocation hearing, Detective Kittrel Robinson of the Memphis Police Department testified as follows. In July 2007, he and his fellow officers executed a narcotics search warrant at 784 Porter, apartment three, which was a location they had been investigating for drug trafficking since early June. He was the first man through the door, and as he started up the stairs, he saw a man "r[u]n from the apartment on the left to an apartment on the right." As he proceeded forward, he heard the sound of breaking glass and people saying, "Go man, go." At about that time, a 75-pound pit bull came rushing from around the corner toward him. He shot the animal three times, and it retreated into the kitchen of the apartment, where it later died. He and his fellow officers repeatedly told the defendant, who was the only person in the kitchen at the time, to come out and show them his hands. After approximately fifteen seconds, the defendant finally complied. A broken window and broken glass and a tennis shoe on the kitchen floor indicated to Detective Robinson that someone had jumped out of the kitchen window.

Detective Robinson further testified that the officers found the following items in the apartment: 12.5 grams of a substance that field-tested positive for cocaine; eight pounds of a substance that field-tested positive for marijuana; two digital scales found on the kitchen counter; a box of nine millimeter ammunition, also on the kitchen counter; a "rockin'" [sic] tool used to cook crack cocaine; a measuring cup; and a Smith and Wesson weapon found on the living room couch. In addition, the officers found approximately $10,000 in cash in one of the defendant's front pockets.

On cross-examination, Detective Robinson insisted that both the defendant and his cousin, Rico Johnson, were the subjects of their investigation, but he acknowledged that Johnson was the only one named in the search warrant. He testified that the officers executed the warrant immediately after seeing Johnson enter the apartment with a black bag. He said that Johnson was the man who ran between the apartments when they entered the building. Finally, he acknowledged that he never saw the defendant trying to escape out the kitchen window or otherwise attempting to flee.

The defendant's probation officer, Debra Taylor, testified that she filed a probation revocation report on the defendant in August 2007, primarily based on his new arrest. The defendant owed $45 in court costs at the time the report was filed and she did not know whether that had been paid, but the defendant was current with his fees. The defendant had reported the arrest on August 3, 2007, and, prior to his arrest, had regularly reported to her office. There were a few times when he did not show up on his scheduled report date, but he always reported the next day and she therefore did not count those times as not reporting. Since his arrest, the defendant had continued to report but had missed two months. Taylor testified that the defendant reported that he was self-employed as the owner of a music business called "Mob Ties," and that he had provided her with a copy of his business license, which expired on July 1, 2007, but that he never provided her with proof of his income.

On cross-examination, Taylor acknowledged that the defendant had basically been a good probationer and that the last time she had checked, he was in compliance with the "Federal pretrial office," where he was required to report twice a month and to undergo regular drug screening.

Audrea Tillman, the mother of the defendant's fiancée and a preschool teacher at the school that the defendant's son attended, testified that the defendant dropped his son off at the school every morning, picked him up each evening, and consistently attended the school's monthly parents' meetings. She stated that the defendant owned and worked at a record company called "Mob Ties," and she agreed that he often had "cash money around."

Marquita Thomas, the defendant's fiancée, testified that she and the defendant, who had been together seven years, lived together with the defendant's son from a previous relationship and the couple's two children. She said that the defendant owned his own record label, went to work every day, and was home regularly in the evenings.

Laveshia Williams testified that she had worked almost four years in public relations for the defendant at Mob Ties Records. She said that they were "always busy," with a show or event every weekend in the southern tri-state area.

After reciting the evidence presented at the hearing, the trial court revoked the defendant's probation based on a finding that there was probable cause that he had committed the offenses with which he had been charged. The trial court summarized its findings as follows:

> So based upon all of the evidence that has been presented, the nature of the evidence and the circumstances under which he was taken into custody, I have to find probable cause to believe that he has violated the terms of probation.
>
> And because of that the petition to revoke the suspended sentence has to be granted.

## ANALYSIS

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds that "the defendant has violated the conditions of probation and suspension by *a preponderance of the evidence*." Tenn. Code Ann. § 40-35-311(e) (2006) (emphasis added). A trial court may properly base a revocation of probation on the fact that a defendant has been arrested while on probation and has pending charges, provided that the State has produced evidence to establish that the defendant committed the offense with which he has been charged. See State v. Sandra Davidson, No. M2008-01260-CCA-R3-CD, 2009 WL 1162730, at *3 (Tenn. Crim. App. Apr. 30, 2009) (citing State v. Harkins, 811 S.W.2d 79, 83 n.3 (Tenn. 1991); State v. Walter Lee Ellison, Jr., No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App. May 29, 1998); State v. Michael Chaney, No. 01C01-9801-CC-00010, 1999 WL 97914, at *1 n.2 (Tenn. Crim. App. Feb. 18, 1999)). Because the trial court in this case did not find by a preponderance of the evidence that the defendant had violated the terms of his probation by committing the new offenses, we reverse the judgment of the trial court and remand for a new revocation hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand the case for a new probation revocation hearing.

                                            ALAN E. GLENN, JUDGE